## Laurence SLAUENWHITE

### v.

## Patricia SLAUENWHITE.

Supreme Judicial Court of Maine.

Submitted on Briefs May 17, 1996.

Decided July 16, 1996.

---

Norman S. Heitmann, III, Bangor, for Plaintiff.

Elizabeth Kelly Ebitz, Ebitz & Thornton, P.A., Bangor, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Laurence Slauenwhite appeals from a judgment entered in the Superior Court (Penobscot County, *MacInnes, A.R.J.*) affirming a judgment of the District Court (Bangor, *Anderson, J.*) finding Slauenwhite in contempt of court for failing to comply with a court-ordered alimony obligation and ordering him to pay attorney fees incurred by Patricia LaBelle, his former wife, and certain marital bills. Slauenwhite contends that the court erred in its findings leading to the

judgment of contempt and the orders to pay attorney fees and marital bills, and abused its discretion in ordering payment of the attorney fees and marital bills. Although we find no error in the findings leading to the judgment of contempt, nor any abuse of discretion in ordering the payment of attorney fees and marital bills, because the court erred as to the *form* of the contempt judgment, we vacate the judgment.

Slauenwhite and LaBelle were divorced in March of 1994. Slauenwhite was ordered to pay $100 per week in alimony to LaBelle for ten years, $750 in attorney fees, and certain marital bills. As of September 1994, Slauenwhite had paid only $800 of the alimony obligation and none of the attorney fees. The court found him in contempt, implicitly finding both an ability to pay and a willful refusal to pay. Those findings are supported by the evidence. *See Matter of Ross*, 428 A.2d 858, 863 (Me.1981). Moreover, the court acted well within its discretion in its determination that Slauenwhite pay attorney fees and marital bills. Only the form of the court's civil contempt judgment, a jail sentence of ten days with a limited right to purge, requires modification.

A civil contempt proceeding is remedial in nature, designed to benefit another party, and requires that the contemnor have an opportunity to purge himself of contempt. *International Paper Co. v. United Paperworkers Int'l*, 551 A.2d 1356, 1358 (Me.1988). Although the contempt order in this case did provide Slauenwhite with an opportunity to purge, that opportunity was limited to the time period *before* the jail sentence commenced, and, if Slauenwhite failed to purge before the start of his jail sentence, he would have no further opportunity to purge. A civil contempt order may provide for an indeterminate sentence, or a sentence not to exceed a certain time period, but it must give the contemnor the keys to his freedom and the ability to purge must exist throughout the entire period covered by the order.[1]

---

1. An acceptable judgment of contempt would be one that required Slauenwhite be incarcerated in the Penobscot County Jail for a period not to exceed ten days, with the ability to purge himself of the contempt by paying the entire alimony arrearage existing on September 27, 1994, or by arranging for direct deposit of funds of $433.33 per month toward that obligation.

*State v. Vickers,* 309 A.2d 324, 328 (Me.1973). Because of the loss of the ability to purge, the order does not fully qualify as a valid civil contempt judgment. *Wells v. State,* 474 A.2d 846, 851 (Me.1984) (criminal contempt order provides for fixed term). Accordingly, we vacate the Superior Court's affirmance of the District Court's contempt order.

The entry is:

Judgment vacated. Remanded to the Superior Court for remand to the District Court for further proceedings.

All concurring.